CHAMBERLIN<br>v.<br>MILBANK.

---

## GREENBURY DORSEY v. HIS CREDITORS.

Certain mortgages had been recorded against the insolvent after his failure. The syndic made a sale and applied for a certificate of the mortgages against the property in the insolvent's name. The recorder of mortgages gave a certificate including the mortgages subsequent to the failure. *Held :* That the mention in the certificate of the subsequent mortgages might be regarded as surplusage ; and that under the circumstances, the syndic had no right to take a rule against the recorder to raise the mortgages *nunc pro tunc.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. This case came up on a rule by the syndic of the insolvent against the recorder of mortgages.

*G. B. Duncan*, for plaintiff. *Elmore* and *King*, for defendants. The judgment of the court was pronounced by

ROST, J. In the course of last year the syndic in this case obtained an order of court to sell a town lot forming part of the property surrendered by the insolvent, *G. Dorsey*, at the time of his failure, in 1826. The sheriff obtained from the recorder of mortgages, and read at the time of the sale, a certificate of the mortgages standing in the name of *Greenbury Dorsey* down to the day of sale.

That certificate shows judicial mortgages recorded against *Dorsey* after his failure, and arising from debts subsequently contracted. The purchaser refuses to take the property, on account of the apparent mortgages existing upon it, and the syndic has taken this rule upon the recorder of mortgages to show cause why he should not give a certificate *nunc pro tunc*, as of July 10th, 1850, annulling the whole of those mentioned in his first certificate, and give one showing the mortgages, if any, on the property as against the syndic *Richard Relf*.

The defence is, that the recorder never was applied to for a certificate of the mortgages existing in the name of the syndic; that he was not informed of the facts mentioned in the rule, but was simply called upon to give a certificate of all the mortgages standing in the name of *Dorsey*, which he did in the manner required by law; that the syndic is authorized to raise all mortgages affecting the property surrendered, and has no pretext to sue the recorder of mortgages to compel him to do so.

The rule was made absolute at the cost of the estate, and the recorder has appealed.

This controversy originated in a mistake of the sheriff and the syndic. Instead of the certificate of mortgages which they procured, they should have applied to the recorder for a certificate showing the mortgages standing in the name of *Dorsey* down to the day of the surrender, by which he was divested of his title to the lot about to be sold. We do not, however, think the error material. The certificate adduced at the sale shows, that there were no mortgages existing in the name of *Dorsey* until long after the surrender; and the mention of the

DORSEY
v.
HIS CREDITORS

judicial mortgages recorded against him after that time may be considered as surplusage.

The argument of the plaintiff's counsel implies the admission that the certificate of the recorder can give life to mortgages which did not previously exist; and the object of the rule is, to compel him to give a new certificate annulling all those mortgages. It would be doing a vain thing to compel him to annul what has no existence. The syndic is authorized to raise all mortgages existing in the name of the insolvent; and we are not aware that any can exist in his own: if there can be any, the recorder has never refused to certify them.

It is therefore ordered that the judgment in this case be reversed, and that the rule be discharged, with costs in both courts.